2/12/2016 11:44:01 AM
Velva L. Price
District Clerk
Travis County
D-1-GN-16-000644
Marco Rubio

No. **D-1-GN-16-000644**

| | | |
|---|---|---|
| STACEY PALAZZO, MARK PALAZZO and LIA PALAZZO, Plaintiffs | § § § § | IN THE DISTRICT COURT OF |
| v. | § § | TRAVIS COUNTY, TEXAS |
| HCC LIFE INSURANCE COMPANY, Defendant | § § § | **201st** JUDICIAL DISTRICT |

### Plaintiff's Original Petition

TO THE HONORABLE COURT:

Stacey Palazzo, Marc Palazzo and Lia Palazzo, Plaintiffs, respectfully file this original petition complaining of HCC Life Insurance Company, ("UHC") and would show:

### I. Discovery Control Plan, Level 2

Pursuant to Texas Rule of Civil Procedure 190.3, this case is governed by Discovery Control Plan, Level 2.

### II. Nature of the Case

The Palazzos' claim arises from HCC's failure to provide health insurance coverage as agreed and as paid for by the Palazzos. Pursuant to Texas Rule of Civil Procedure 47, Plaintiffs state that they seek damages within the jurisdictional limits of this court, specifically monetary relief over $100,000.00 but not more than $200,000.00.

### III. Parties

Plaintiff is an individual residing in Travis County, Texas.


EXHIBIT A

Defendant, HCC Life Insurance Company, is a foreign insurance company that is doing business in Texas and may be served with citation by and through its registered agent, National Registered Agents, Inc., 1999 Bryan Street, Suite 900, Dallas, Texas 75201-3136.

### IV. Venue

Venue is proper in Travis County because all or a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in Travis County. Tex. Civ. Prac. & Rem. Code Ann. § 15.002(a)(1).

### V. Conditions Precedent

All conditions precedent to recovery have been met or have occurred.

### VI. Facts of the Case

The Palazzos took out health insurance with HCC effective October 2014. Lia Palazzo, the daughter of Stacey and Marc, was diagnosed with thyroid cancer in February of 2015. She underwent surgery and extensive treatment beginning in February 2015. Despite the fact that Lia Palazzo was covered under its health insurance policy HCC refused to cover any of the treatment claiming that it was a pre-existing condition. As a result, the Palazzos have paid for all of Lia's care out of their own pocket.

### VII. First Cause of Action: Breach of Contract

Defendant's actions amount to a breach of the contract between the Palazzos and HCC. The Palazzos applied for and wer accepted for insurance coverage by Defendant. They paid the

required premiums, entering into a binding contract for insurance with HCC. HCC breached the contract by denying the Palazzos' claims. The Palazzos are entitled to recover their actual damages, court costs and reasonable and necessary attorney's fees pursuant to Texas Civil Practice & Remedies Code, Section 38.001, et seq.

### VIII. Second Cause of Action: Texas Insurance Code Section 541.060

Defendant's actions as described above amount to Unfair Settlement Practices as defined by Texas Insurance Code, Section 541.060. Specifically, defendant has misrepresented facts and policy provisions and has failed to attempt in good faith to settle claims on which liability has become clear. Defendant's violations have been a producing cause of damages to the Palazzos. Because Defendant has acted knowingly, the Palazzos are entitled to an additional award of three times their actual damages. Texas Insurance Code, Section 541.152(b). They are also entitled to their reasonable and necessary attorney's fees.

### IX. Third Cause of Action: Texas Insurance Code Sections 542.051-061

Defendant's actions also amount to a violation of Texas Insurance Code, Sections 542.051-061. As such, Plaintiffs are entitled to 18% per annum in addition to the amount of their claim, plus attorneys' fees.

## X. Jury Demand

Plaintiffs have requested that this case be decided by a jury as allowed by Tex. R. Civ. P. 216. The appropriate jury fee has been paid.

## XI. Prayer

Plaintiffs pray that upon final trial of this case they have judgment against Defendant for actual damages, an additional three times their actual damages, reasonable and necessary attorney's fees, pre-judgment and post-judgment interest, costs of court, and such other relief to which Plaintiffs may show themselves justly entitled.

Respectfully submitted,

JON MICHAEL SMITH
State Bar No. 18630750
3305 Northland Drive
Suite 500
Austin, Texas 78731
512/371-1006
512/476-6685 fax
jon@jonmichaelsmith.com